UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDRE PEREIRA DE CARVALHO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br><br>Respondents. | Civil No. 25-13339-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 18, 2025

SOROKIN, J.

    Alexandre Pereira de Carvalho, a citizen of Brazil who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

    Approximately twenty years ago, Pereira de Carvalho entered the United States without inspection. Doc. No. 1 ¶ 1. He has lived in this country ever since, and in Massachusetts for the last fourteen years. Id. ¶¶ 1, 7. On November 6, 2025, Pereira de Carvalho was arrested by Immigration and Customs Enforcement ("ICE") officers. Id. ¶ 2. He is detained at Plymouth County Correctional Facility. Id. ¶¶ 1, 7; Doc. No. 1-3.

    Two days after his arrest, Pereira de Carvalho instituted this action by filing a habeas petition. Doc. No. 1. The petition raises a number of claims, one of which alleges a due process violation that echoes those alleged by petitioners in other cases this Court has recently decided. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The

respondents answered the petition today.  In an abbreviated memorandum, they "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases.  Doc. No. 9 at 1.   Though they "reserve all rights to appeal," they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision.  Id. at 1 & n.3.

On Pereira de Carvalho's due process claim, the Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission that Pereira de Carvalho is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[1]  Thus, he is entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Pereira de Carvalho unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

                                        SO ORDERED.

                                         /s/ Leo T. Sorokin
                                        United States District Judge

---

[1] As far as the undersigned is aware, at least a dozen judges sitting in this courthouse have now rendered decisions rejecting the government's interpretation of the relevant detention statutes.
[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).